## KITCHAND *et al.*, *vs.* DAVIS.

Where the judgment which is sought to be reversed, gives the plaintiff in error all that he claims, it will be affirmed, without regard to any errors that may have been committed on the trial.

In Equity, in Dougherty Superior Court. Tried before Judge ALLEN, at June Term, 1859.

This was a bill filed by John Davis against William P. Kitchand, N. Collier, Collier & Beers, Hunt, Pynchon & Rawson and others, which makes the following allegations : That complainant, on the 31st day of December, 1850, leased his plantation in Baker county to said Kitchand, and thirteen negroes, for the term of three years, Kitchand agreeing

Kitchand *et al.*, *vs.* Davis.

to pay $2,000 00 for the year 1851, $2,500 00 for the year 1852, and $2,500 00 for the year 1853, the rent to be paid at the end of each year respectively; that in said lease the crop as well as all negroes owned by Kitchand, were "pledged as a lien" for the rent and hire, and that the crop should not be sold unless the rent was otherwise paid, except for the purpose of paying it; that said lease bound Kitchand to clothe the negroes, and at the expiration of the term, to leave on said plantation the same amount of corn and fodder, and the same number of horses, hogs and cattle as were on the place at the commencement of the lease; that Kitchand took possession of the property leased, and has used and enjoyed the same up to the filling of the bill, making large crops of cotton, corn and other produce; that without paying the rent for the year 1851—all of which is still due, Kitchand has disposed of the crop of that year, and appropriated the proceeds to the payment of other debts, the purchase of property, etc.; that the crop of the year 1852 (the year when the bill was filed) is large, and consists of cotton, corn, etc., and is fully adequate to pay the rent to become due for that year; that Kitchand is insolvent, and refuses to turn over the crop gathered for the year 1852 in payment of the rent agreed on for that year; that Kitchand, being indebted by open account to Collier & Beers, and Hunt, Pynchon & Rawson, with a view to give an undue preference to them, and postpone complainant, closed up their accounts by giving notes falling within Justices' Court jurisdiction, and said notes have been sued to judgment, the aggregate amount of the judgments in favor of Collier & Beers, being $317 30, besides interest, and the aggregate of the amount of the judgments obtained by Hunt, Pynchon & Rawson being 338 21, besides interest; that *fi. fas.* have been issued and levied on the crops aforesaid; that a *fi. fa.* in favor of Seth C. Stephens against said Kitchand has also been levied on said crop, said *fi. fa.* being for $150 00, and N. Collier being the assignee; that complainant believes the holder of said *fi. fas.* all had notice of his lien before mentioned; that complainant also had a distress warrant levied to recover the rent due for the year 1851, and an agreement between all the said parties—Kitchand consenting—had been made, by which the sheriff was authorised to sell the property levied on and hold

the.proceeds until the rights of the claimants of the fund were adjudicated.

The bill prays that said *fi. fas.* be enjoined and postponed until the claim of complainant is paid, and asks that the proceeds of the crops aforesaid, and of any property previously purchased by Kitchand therewith, shall be applied to the payment of complainant's demands for rent.

Complainant, by amendment, charged Kitchand with selling stock, farming utensils, etc., and also collecting money belonging to him and buying horses, mules, etc., and otherwise appropriating the proceeds to his (Kitchand's) use.

The parties defendant claiming the fund raised by the sheriff under the agreement mentioned, filed their answers, in which they take issue with complainant on several of the allegations of his bill—amongst others, as to the legal effect of the provisions of said lease.

On the trial of the case, there was a great deal of evidence introduced, and the jury rendered a verdict decreeing that $2,782 65 of the fund in the sheriff's hands should be paid over to complainant, and the balance be applied to the payment of the judgment creditors of Kitchand.

Counsel for defendants moved for a new trial on the following grounds:

1st. Because the Court erred in charging the jury that the lease or articles of agreement between complainant and Kitchand did not convey an absolute title to the property specified in said instrument, other than the land and negroes, to-wit: horses, stock, corn, fodder, etc., to Kitchand, but only a qualified property ; that it simply gave the care of the same to Kitchand, while actual ownership remained in Davis, and that they should deduct from the proceeds of the sales the actual value of such property—if there was any proof of its actual value—at the time it was received by Kitchand; and if there was no proof of its actual value, then they might arrive at its value by estimating the same at what similar property brought at the sale.

2d. Because the Court erred in charging the jury that they should deduct from the amount of sales whatever such property brought at said sale as had been purchased by Kitchand with money arising from the sale of crops grown on the place, or money that Kitchand had received from the sale of such crops and find for complainant such sum or sums.

Kitchand *et al.*, *vs.* Davis.

3d. Because the verdict is contrary to that portion of the Court's charge in which he told the jury to apply the proceeds of all property sold at said sale, other than what is embraced in the charges above mentioned, to the payment of the judgment creditors of Kitchand, excepting only such property as it affirmatively appeared was purchased by Kitchand with Davis' money, or with the proceeds of crops on which Davis had a special lien.

4th. Because the verdict is against law and the evidence.

The Court refused to grant a new trial, and defendants excepted.

The view taken of this case by the Supreme Court renders it unnecessary to make any further statement of the brief of evidence than this: That the fund in the hands of the sheriff appears from the record to be sufficient to satisfy and pay off the claims of the defendants—who moved for a new trial in the Court below—after deducting the amount which the jury decided should be paid to the complainant, Davis.

BUTLER; WARREN & VASON, for plaintiffs in error.

STROZIER & SLAUGHTER, *contra*.

*By the Court.*—STEPHENS, J., delivering the opinion.

This record shows that the judgment which is sought to be reversed, will, if executed, satisfy the utmost demand of the plaintiffs in error, and they, therefore, have no right to complain of it. We will not consider the errors assigned, for it is plain that whatever errors may been committed, they have done no harm to the only persons who are complaining of them. One side *is* satisfied, and the other *ought* to be.

Judgment affirmed.